IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:17-CR-078-C(01) |
| OSCAR VILLALOBOS GONZALEZ (1) | |

## FACTUAL RESUME

In support of Oscar Villalobos Gonzalez's plea of guilty to the offense in Count Two of the indictment, Gonzalez, the defendant, David Sloan, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), that is, Distribution and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact methamphetamine;

*Third.* That the defendant possessed the substance with the intent to distribute it; and

*Fourth.* That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

---

[1] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2015).

**Factual Resume—Page 1**

## STIPULATED FACTS

1. Oscar Villalobos Gonzalez admits and agrees that on or about March 21, 2017, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did intentionally or knowingly distribute or possess with intent to distribute 50 grams and more, but less than 500 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii), Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

2. On March 21, 2017, agents with the Lubbock County (Texas) Sheriff's Office received information that a methamphetamine transaction would be occurring at a specific residence in Lubbock. The information provided was that Oscar Villalobos Gonzalez would be receiving a large amount of methamphetamine from his supplier— later determined to be Manuel Adrian Parra-Orona. Agents set up surveillance at the residence located in the city of Lubbock and observed Gonzalez arrive in his vehicle. Parra-Orona arrived a short-time later, and agents observed Parra-Orona retrieve a large, heavy box from his vehicle and then meet up with Gonzalez in front of the residence. Parra-Orona and Gonzalez then entered the residence. Agents entered the residence a short-time later and found Gonzalez and Parra-Orona in the garage. Agents observed, in plain-view, a large amount of methamphetamine that had been removed from the box that Parra-Orona had been carrying. The box contained drywall compound and agents observed a cavity in the compound where the plastic bag that contained the

methamphetamine had been located. Both Gonzalez and Parra-Orona had fresh drywall compound on their hands when agents entered the room. Gonzalez admits that he knowingly or intentionally possessed this methamphetamine.

3. Gonzalez admitted that he was involved in trafficking methamphetamine. Agents located an additional 15 grams of suspected methamphetamine in Gonzalez's vehicle. Gonzalez consented to allowing agents to transport him to his residence and directed officers to a Smith and Wesson, Model M&P, 9mm pistol, serial number HVH6089, with seven rounds of ammunition, located in Gonzalez's closet.

4. The methamphetamine recovered from the residence was submitted to the Drug Enforcement Administration South Central Laboratory and tested positive for methamphetamine and weighed a total of 278.7 grams with a 98% purity level (273.1 actual). This amount of methamphetamine is significantly larger than a user amount and was possessed for distribution.

5. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

6. The defendant also admits and agrees that the firearm described above is property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of his commission of the offense alleged in Count Two of the

indictment and is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a)(1).

AGREED TO AND STIPULATED on this 9 day of November, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
Oscar Villalobos Gonzalez
Defendant

_____
SEAN LONG
Assistant United States Attorney
Texas Bar No. 24056734
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Tel: 806-472-7351
Fax: 806-472-7394
Email: sean.long@usdoj.gov

_____
David Sloan
Attorney for Defendant